Filed 4/30/14  P. v. Grijalva CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAFAEL LEE GRIJALVA,<br><br>    Defendant and Appellant. | H039995<br>(Monterey County<br>Super. Ct. No. SS121669A) |

In May 2013, defendant Rafael Lee Grijalva pleaded guilty to possession of a firearm by a felon, a felony (Pen. Code, § 29800, subd. (a)(1)),[1] and possession of marijuana for sale, a felony (Health & Saf. Code, § 11359), pursuant to a negotiated plea agreement under which he would be granted felony probation and the dismissal of a felony charge of possession of ammunition by a felon (§ 30305, subd. (a)(1)).  In August 2013, the court suspended imposition of the sentence and placed defendant on formal probation for three years.  Defendant filed a timely appeal, challenging the court's ruling on a motion to quash and traverse the search warrant.  We will affirm.

FACTUAL BACKGROUND[2]

On the afternoon of August 10, 2012, police officers executed a search warrant at defendant's home, a one-bedroom apartment on Cosky Drive in Marina.  The warrant

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is derived from the probation report.

included authorization to search both defendant's apartment and a storage area located directly in front of his assigned parking space. A search of the storage area revealed three vacuum-sealed bags of marijuana that had a combined weight of approximately 405.7 grams. The amount of marijuana found was consistent with possession of the drug for sale. Officers also found in the storage area an ammunition box that contained approximately 445 rounds of 9mm ammunition; a gun case that contained a loaded Smith and Wesson semi-automatic 9mm handgun, which had 9 rounds in the magazine and 1 round chambered; a Smith and Wesson 10 round magazine; and a Smith and Wesson 16 round magazine.

During a search of the apartment unit, officers found a leather holster designed for concealing a firearm in a waistband, tactical rails for a firearm, and an operations guide for an AR-15 assault rifle. No assault rifle was located during the search. Police also found a digital scale stored in a box, with visible marijuana residue on the scale.

It was disclosed during a records check that the firearm seized from defendant's storage area had been stolen in 2008 in San José. It was also determined that defendant had been previously convicted of a felony and was prohibited from owning or possessing firearms.

PROCEDURAL HISTORY

Defendant was charged by information filed December 14, 2012, with possession of a firearm by a felon, a felony (§ 29800, subd. (a)(1); count 1); possession of marijuana for sale, a felony (Health & Saf. Code, § 11359; count 2); and possession of a ammunition by a felon, a felony (§ 30305, subd. (a)(1); count 3).

On January 24, 2013, defendant filed a motion to quash and traverse the search warrant, pursuant to section 1538.5, which motion was opposed by the People. Defendant filed a supplemental brief in support of his motion. After a hearing on May 16, 2013, the court denied the motion to quash and traverse the search warrant.

2

On the same day (May 16, 2013), defendant pleaded guilty to counts 1 and 2. He entered his plea on the express conditions that count 3 would be dismissed and he would receive felony probation. Before accepting the plea, the court apprised defendant of the rights he was giving up as a result of his no contest plea and the consequences of that plea, confirming that defendant had freely and voluntarily signed a waiver of rights form in connection with the plea. Counsel stipulated that there was a factual basis for the plea. On August 1, 2013, the court suspended imposition of the sentence; placed defendant on formal probation for three years; ordered defendant to serve 210 days in county jail as a condition of probation; and dismissed count 3.

Defendant filed a timely notice of appeal from the order denying the motion to quash and traverse the search warrant under section 1538.5.[3]

## DISCUSSION

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief which stated the case and the facts but raised no specific issues. We notified defendant of his right to submit written argument on his own behalf within 30 days. We have received no written argument from defendant.

We have reviewed the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Based upon that review, we have concluded that there is no arguable issue on appeal.

---

[3] Defendant filed an amended notice of appeal in which he challenged the order denying his motion to quash and traverse the search warrant and also challenged the validity of his plea. The trial court granted defendant's application for a certificate of probable cause on August 15, 2013.

3

DISPOSITION

The judgment is affirmed.

                                                  _____

                                                         Márquez, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Premo, J.